IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICOLE HOWELL, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1632-X-BH |
| ) | |
| JUSTICE COURT 3-1 OF ) | |
| COLLIN COUNTY, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be **DISMISSED** without prejudice for improper venue.

## I. BACKGROUND

Nicole Howell (Plaintiff), a current resident of Dallas, Texas, sues Justice Court 3-1 of Collin County, Texas (Court), alleging violation of her constitutional rights. (*See* doc. 3 at 1.)[2] Her one-paragraph complaint states that she "was picked up on an illegal mental health warrant signed by a judge from" the Court despite a lack of evidence that she was a danger to herself or anyone else. (*Id.*) It claims that she never saw a judge within 72 hours or received appointed counsel, and that she was held for approximately six months. (*Id.*) No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[1] By *Special Order 3-251*, this *pro se* civil rights case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Here, Plaintiff does not allege that the defendant is located in the Northern District of Texas, or that any part of the events or omissions giving rise to her claims occurred here. Collin County, Texas, is located within the territorial confines of the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). She does not allege that any of

the events upon which she bases her claims occurred in this district. There is no indication from her filing that venue lies in this district.

Section 1406(a) of Title 28 of the United States Code provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the appropriate district. Plaintiff seeks to sue a state court. State courts are not jural entities that may be sued. *See Craaybeek v. Bristow,* No. 21-10564, 2022 WL 2113619, at *1 (5th Cir. June 13, 2022)(*per curiam*); *Story v. Ellis County Court 40th District*, No. 3:19-CV-1994-B-BN, 2019 WL 5580143, at *1-2 (N.D. Tex. Aug. 30, 2019) (a state court is not a jural entity that can be sued) (citing *Smithback v. 265th Judicial Dist. Court*, No. 3:01-cv-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002)("the 265th Judicial District Court [is a] non-jural entit[y] that [is] not subject to suit.")), *rec. adopted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019), *appeal dism'd*, 2020 WL 2078305 (5th Cir. Jan. 8, 2020); *Rodgers v. 323rd Dist. Court Tarrant County*, No. 4:18-CV-931-Y, 2019 WL 11704211, at *1 (N.D. Tex. July 11, 2019) ("[T]he 323rd Judicial District Court, Tarrant County, Texas, is not an entity capable of being sued.") (citing *Banargent v. Tex. Ct. of Criminal Appeals*, No. A-10-CA-358-SS, 2010 WL 2430766, at *1 (W.D. Tex. June 15, 2010) ("The 240th Judicial District Court of Fort Bend County is not a legal entity capable of being sued.") and *Smithback*, 2002 WL 1268031, at *5); *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 WL 2730615, at *9 (N.D. Tex. May 25, 2010)("State courts are non jural entities which cannot be sued.") (citing *Smithback,* 2002 WL 1268031, at *5), *rec. adopted*, 2010 WL

3

2730648 (N.D. Tex. July 8, 2010)). Because Plaintiff may not state a claim against the non-jural entity which she sues, this case should be dismissed instead of transferred.

## III.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED without prejudice** for improper venue.

**SO RECOMMENDED on this 29th day of July, 2022.**

　　　　　　　　　　　　　　　　　　　*Irma Carrillo Ramirez*
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

　　　　A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　　　*Irma Carrillo Ramirez*
　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE